DECISION
Defendant-appellant, Lawrence Woodard, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator. Defendant assigns a single error:
 THE TRIAL COURT'S DECISION FINDING APPELLANT TO BE A "SEXUAL PREDATOR" AS DEFINED BY 2950.01(E) IS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
Because the trial court's determination that defendant is a sexual predator is supported by clear and convincing evidence in the record, we affirm.
By indictment filed August 6, 1984, defendant was charged with two counts of rape arising from defendant's engaging in vaginal intercourse and cunnilingus with the victim on July 20, 1984. Attached to each count was a specification that on September 3, 1980, defendant was convicted of aggravated robbery in violation of R.C. 2911.01.
Defendant initially entered a plea of not guilty by reason of insanity. He, however, withdrew the plea and entered a guilty plea to the first count of the indictment, without the specification, in exchange for the prosecution's nolle prosequi of the second count. After questioning defendant pursuant to Crim.R. 11(C), the trial court allowed defense counsel to speak to circumstances to be considered in sentencing. The trial court then sentenced defendant to seven to twenty-five years.
By entry filed December 16, 1998, and pursuant to H.B. No. 180, the trial court scheduled a hearing on February 9, 1999, to determine whether defendant is a sexual predator. Although defendant filed motions relating to the constitutionality of H.B. No. 180, the trial court overruled them, and defendant does not appeal those rulings.
Following a hearing, the trial court determined by clear and convincing evidence that defendant is a sexual predator under R.C 2950.09(C), considering the factors set forth in R.C.2950.09(B). Defendant appeals, contending the trial court's decision is contrary to the weight of the evidence.
R.C. 2950.01(E) defines sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Defendant here does not contest he was convicted of a sexually oriented offense as defined in R.C.2950.01(D). Defendant, however, asserts the record does not contain sufficient evidence to determine defendant "is likely to engage in the future in one or more sexually oriented offenses."
R.C. 2950.09(B)(2) provides the trial court guidance in making that determination. While not limiting the trial court to consideration to the factors listed in R.C. 2950.09(B)(2), the statute directs the court's attention to ten factors the court shall consider. Here, five of those factors apply and support the trial court's finding defendant to be a sexual predator by clear and convincing evidence.
Specifically, defendant had previously been convicted of aggravated robbery and thus had a prior criminal record. R.C.2950.09(B)(2)(b). While the crime was not a sexually oriented offense, R.C. 2950.09(B)(2)(b) does not limit the trial court's attention to such offenses, but to defendant's prior criminal record in general.
The circumstances of this offense invoke other factors listed in R.C. 2950.09(B)(2). According to the statements of facts read when defendant entered his guilty plea, the offense occurred on July 20, 1984, at approximately 4:15 p.m. At the time, the fourteen-year-old victim was using the telephone at the Big Bear grocery store near Zettler Road. She saw defendant, and they had a few words with each other; she had known defendant as a person in the neighborhood. Defendant left while the victim was using the telephone, and after she had completed her call, the victim left the store. Defendant grabbed her to an area that had tall grass and shrubbery, hit her in the mouth, and pushed her to the ground. She sustained injuries to her mouth and bruises about her body. Defendant removed her shorts and engaged in vaginal intercourse and then cunninlingus, with her. A passerby noticed that something was amiss and ran to get assistance. By the time he returned, defendant was running away from the scene, looking over his shoulder.
Under R.C. 2950.09(B)(2)(c), the trial court properly considered the youthful age of the victim. Moreover, pursuant to R.C. 2950.09(B)(2)(h) and (i), the trial court properly considered not only the nature of the offender's sexual conduct with the victim, but also whether the offender displayed cruelty during the commission of the offense. Here, the facts show the sordid nature of the offense not only in defendant's dragging the youthful victim into shrubbery to rape her, but also the cruelty of hitting her to subdue her.
In addition, R.C. 2950.09(B)(2)(g) directs the trial court's attention to any mental illness or mental disability of the offender. Defendant correctly notes that an offender's having a mental illness does not mean the offender necessarily is a sexual predator. Nonetheless, the evidence here indicates defendant's mental illness is tied to his committing the sexually oriented offense at issue. Specifically, at the sentencing hearing, defendant's counsel stated that a number of psychiatric and psychological tests had been conducted on defendant, who had an extensive history of mental illness. At the time of the offense defendant was under the care of a psychiatrist and was going to a mental health center for treatment, and would continue being on medication.
According to defendant's counsel, on the day of the offense, defendant had received a drug that kept defendant under control. Nonetheless, defendant said he thought "there was consent and he heard voices on this particular day * * *. The doctors who examined him were of the opinion that Mr. Woodard was, at least in his own mind, believing that there was consent by the victim in this case, and also, your Honor, on that day he had been hearing voices and could not refrain from doing the act. I only mention this due to the fact that Mr. Woodard has been mentally ill at least all of his adult life and part of his juvenile life, and most of the problems he has been in were the result of his mental illness." (Sentencing Tr. 9.)
Moreover, defendant's case manager, Phil Kerns, submitted a memorandum indicating defendant continues to take psychotropic medication, is attending counseling sessions, and needs a structured setting in order to function properly. According to the memorandum, if defendant is released, he would require intensive after care and would function best in a halfway house or group home setting. In summary, defendant will need mental health support in the future.
The statements of defendant's attorney, coupled with the current report indicating a continuing need for psychotropic medication and counseling, indicate defendant's mental illness not only was a significant factor in defendant's committing the sexually oriented offense at issue, but continues to be a factor in determining his likelihood to re-offend. R.C. 2950.09(B)(2)(g).
Finally, according to R.C. 2950.09(B)(2)(j), the court may consider any additional behavioral characteristics which may contribute to the offender's conduct. Here, the report from Phil Kerns indicates defendant has not been involved in any programs relative to his crime. Coupled with defendant's mental illness, the lack of a sex offender's program is a factor supporting the trial court's conclusion that defendant is likely to re-offend.
In the final analysis, the court was presented with evidence under many factors listed in R.C. 2950.09(B)(2). Defendant committed a vicious crime against a young victim, a crime prompted at least in part by his mental illness. He continues to suffer from the same mental illness, has not attended any sex offender's program, and has a prior criminal record, again related to his mental illness. Given that evidence, we cannot find that the trial court erred in determining by clear and convincing evidence that defendant is a sexual predator.
Accordingly, defendant's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.